IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00613-WCM

| | | |
|---|---|---|
| SHEILA L. GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Consent Petition for
Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412 (the
"Motion," Doc. 16).

Under the Equal Access to Justice Act ("EAJA"), the court must award
attorney's fees to a prevailing plaintiff in a civil action against the United
States unless the court finds that the Government's position was "substantially
justified" or that "special circumstances" would make such an award unjust.
28 U.S.C. § 2412(d)(1)(A). Because the court ordered that this case be
remanded to the Social Security Administration, Plaintiff is properly
considered a "prevailing party" in this action. See Shalala v. Schaefer, 509
U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 14 & 15.

1

An award of attorney's fees under the EAJA must be "reasonable." 28 U.S.C. § 2412(b). It is within the court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

The Motion indicates that Plaintiff seeks $3,650.00 in fees based on 15.40 hours of attorney work and 4.65 hours of paralegal work. Plaintiff represents that the Commissioner consents to the Motion. Plaintiff's counsel has also submitted a summary of time spent on this civil action. Doc. 16-1.

"Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988)). Here, though, while the Motion is unopposed and Plaintiff's request for $3,650.00 in fees represents a negotiated amount, the Motion does not describe how the requested fee award is apportioned between attorney and paralegal work, and the Court declines to attempt to perform its own calculations in that regard. Additionally, it is not apparent from the time records that have been submitted that all of the work conducted by the paralegal would be compensable pursuant to the EAJA.

Accordingly, the Motion will be granted in part, and $3,575.40 in attorney's fees, as referenced in the time records, will be awarded.

**IT IS THEREFORE ORDERED THAT:**

(1)    Plaintiff's Consent Petition for Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412 (Doc. 16) is **GRANTED IN PART** and Plaintiff is awarded attorney's fees in the amount of $3,575.40 ("Fee Award").

(2)    As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see <u>Astrue v. Ratliff</u>, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

      a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

      b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: August 16, 2022

W. Carleton Metcalf
United States Magistrate Judge

3